William Ray MORGAN, Petitioner—Appellant,

v.

Rosanne CAMPBELL, Warden, Respondent—Appellee.

No. 07–16794.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 20, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William Ray Morgan, Ione, CA, pro se.

Robert C. Cross, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

California state prisoner William Morgan appeals pro se from the denial of his habeas corpus petition brought under 28 U.S.C. § 2254. He claims that insufficient evidence supported his prison disciplinary conviction for possession of inmate-manufactured alcohol. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Morgan contends that insufficient evidence supports his conviction because a correctional officer found the alcohol hidden in his cellmate's mattress, and the cellmate testified that Morgan had nothing to do with the alcohol and did not know it

was there. Morgan argues that he had no control over the cellmate's mattress and therefore should not have been held accountable for the alcohol. The correctional officer stated that there was a strong odor of fermenting fruit in the cell. We conclude that "some evidence" supported the disciplinary conviction. *See Superintendent v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Accordingly, the California Superior Court's determination that the Department of Corrections did not violate Morgan's due process rights was neither contrary to nor an unreasonable application of clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

